[Cite as *State v. Fife*, 2011-Ohio-1147.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| THOMAS JAY FIFE | : | Case No. 2010CA00161 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas,
                                Case No. 2008CR1562


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         March 7, 2011


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOHN D. FERRERO                         THOMAS FIFE, PRO SE
Stark County Prosecutor                 Inmate No. A574-977
                                        Richland Correctional Institution
By: RONALD MARK CALDWELL                P.O. Box 8107
Assistant Prosecuting Attorney          Mansfield, OH  44901
110 Central Plaza South
Suite 510
Canton, OH  44702-1413

*Farmer, P.J.*

{¶1} On October 7, 2008, the Stark County Grand Jury indicted appellant, Thomas Fife, on one count of intimidation in violation of R.C. 2921.04, one count of assault in violation of R.C. 2903.13, and one count of criminal damaging or endangering in violation of R.C. 2909.06. On October 17, 2008, appellant pled guilty as charged. By judgment entry filed December 16, 2008, the trial court sentenced appellant to five years of community control.

{¶2} On September 24, 2009, appellant's probation officer filed a motion to revoke appellant's community control. Appellant waived a probable cause hearing and stipulated to probable cause. An evidentiary hearing was held on October 21, 2009. Appellant stipulated to the facts of the alleged violations. By judgment entry filed December 1, 2009, the trial court revoked appellant's community control and sentenced him to five years in prison.

{¶3} On May 19, 2010, appellant filed a motion to withdraw his guilty pleas. By judgment entry filed May 25, 2010, the trial court denied the motion.

{¶4} On June 16, 2010, appellant filed a motion to strike his waiver of probable cause hearing as void and invalid under existing law. By judgment entry filed June 24, 2010, the trial court denied the motion.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6} "THE LOWER COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO GRANT THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."

II

{¶7} "THE TRIAL COURT COMMITTED ERROR WHEN IT FAILED TO ALLOW THE DEFENDANT TO REVOKE A VOIDABLE WAIVER IN A REVOCATION ACTION OR ORDER COMPETENCY PROCEEDINGS TO TEST DEFENDANT'S COMPETENCY."

I

{¶8} Appellant claims the trial court erred in denying his motion to withdraw his guilty plea pursuant to Crim.R. 32.1. We disagree.

{¶9} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. *State v. Smith* (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶10} Appellant argues the state breached the plea agreement. Appellant argues he agreed to a suspended jail sentence with "normal and regular probation," but

instead was placed on "intensive supervised probation." By judgment entry filed December 16, 2008, the trial court placed appellant on community control under general supervision and added intensive supervised probation as a condition:

{¶11} "It is therefore ordered that the defendant be sentenced to five (5) years of community control subject to the general supervision and control of the Court under such terms and conditions hereinafter set forth as follows:

{¶12} "***

{¶13} "16. The Defendant shall follow the following Special Conditions:

{¶14} "***

{¶15} "d. That this defendant shall comply with the Intensive Supervision Probation program as directed by his probation officer. Upon successful completion of the defendant's Intensive Supervision Probation Period, the defendant's probation will be transferred to the Ohio State Adult Probation Authority for the remainder of defendant's probationary period."

{¶16} Appellant did not appeal his sentence and conditions. On September 24, 2009, appellant's probation officer filed a motion to revoke appellant's probation for three reasons based upon the general supervision rules of probation:

{¶17} "It is alleged that the probationer has violated The State of Ohio Conditions(s) of Probation, which states:

{¶18} "1. **RULE #6, which states:**

{¶19} "The Defendant shall not purchase, possess, own, use or have under his control, any firearms, ammunition, dangerous ordnance or weapons, including chemical agents, electronic devices used to immobilize, pyrotechnics and/or explosive devices.

{¶20} "**To wit: On or about 9-23-09, you did have immediate access to a Loaded BB Rifle, with a BB in the chamber.**

{¶21} "2. **RULE #7, which states:**

{¶22} "The Defendant shall not purchase, possess, use or have under his control any narcotic drug or other controlled substance or illegal drugs, including any instrument, device or other object used to administer drugs or to prepare them for administration, unless it is lawfully prescribed for the defendant by a licensed physician. The Defendant shall inform the supervising officer promptly of any such prescription and the Defendant shall submit to drug testing if required by the Adult Parole Authority or other authorized representatives of the court.

{¶23} "**To wit: On or about 9-23-09, you did have possession of suspected Marijuana, suspected Cocaine, and/or Rx Vicodin 5/500 displayed in a manner of abusing said drug.  In addition you had possession of several articles of Drug paraphernalia.**

{¶24} "3. **RULE #16-F, which states:**

{¶25} "That this defendant shall abstain from all alcoholic beverages and drugs during his probation term.

{¶26} "**To wit: On or about 9-23-09, you did have 3 beers in your refrigerator, and 2 liquor bottles in you (sic) living room table.**"

{¶27} After stipulating to probable cause and the facts as alleged, the trial court revoked appellant's community control and sentenced him to five years in prison.  See, Judgment Entry filed December 1, 2009.  Thereafter, appellant filed his Crim.R. 32.1 motion on May 19, 2010.  By judgment entry filed May 25, 2010, the trial court denied

the request, finding appellant's probation was not revoked under intensive supervised probation: "The Court find Defendant's argument is without merit. Defendant signed two separate documents on November 26, 2008, which both reflect that the Defendant was on State Probation."

{¶28} A review of the docket substantiates the trial court's decision. Appellant's revocation was based upon the general supervision rules of probation. Further, as noted by the trial court, appellant was under the supervision of the Ohio State Adult Probation Authority. By the express terms of appellant's probation, appellant was assigned to state probation after intensive supervised probation. We concur that despite appellant's objections to intensive supervised probation, he was no longer in the program when revoked.

{¶29} Upon review, we find there has been no showing of manifest injustice in denying appellant's motion to withdraw his guilty pleas.

{¶30} Assignment of Error I is denied.

II

{¶31} Appellant claims the trial court erred in denying his motion to strike his waiver of probable cause hearing and in failing to determine his competency. We disagree.

{¶32} We note nowhere in the record is there any indication of competency issues.

{¶33} Represented by counsel, appellant waived the probable cause hearing and stipulated there was probable cause that he had violated his probation. An evidentiary hearing was held on October 21, 2009 and again, appellant was

represented by counsel. T. at 1. Appellant was personally questioned by the trial court, and he explained that he could not read or write. T. at 5. Upon further inquiry, the trial court discerned that appellant's counsel had orally explained the reasons for the motion to revoke, and appellant agreed that he had violated the rules. T. at 5-6. We find appellant's illiteracy did not impact his decision to stipulate to violating the rules of his probation.

{¶34} Upon review, we find the trial court did not err in accepting appellant's stipulation after specific inquiry and in denying his motion to strike his waiver of probable cause hearing.

{¶35} Assignment of Error II is denied.

{¶36} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Edwards, J. concur.


　　　　　　　　　　　　　　　　　　s/ Sheila G. Farmer_____


　　　　　　　　　　　　　　　　　　s/ John W. Wise_____


　　　　　　　　　　　　　　　　　　s/ Julie A. Edwards_____

　　　　　　　　　　　　　　　　　　　　JUDGES


SGF/sg 218

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| THOMAS JAY FIFE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010CA00161 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

_s/ John W. Wise_____

_s/ Julie A. Edwards_____

JUDGES